## ELIZABETH NASH and others, *vs.* JANE SMALLWOOD and others.

A will contained specific bequests of negroes designated by name, and certain general pecuniary legacies, and it required all the property except the specific legacies to pay debts and expenses, HELD: That the general must abate in favor of the specific legacies.

APPEAL from the orphans court of Charles county.

Ann Ward by her will bequeathed specific legacies consisting of negroes who were named, and other specified articles of personal property to the appellees. Some of these bequests of negroes were during the life of the legatees and others in fee. She then gave to the appellants pecuniary legacies of various sums of money. All the property except the specific legacies was exhausted in paying debts and expenses. The appellants then filed their petition, asking for an order directing the executor to sell the negroes and other specific legacies, and distribute the proceeds *pro rata* among all the

legatees. This the court refused to do, but passed an order directing the legacies for life to be delivered over to the legatees for life, and dismissing the petition. From this order the petitioners appealed. Particular parts of the will, and the opinion of the court below, will be found in the argument of counsel.

The cause was argued before LE GRAND, C. J., ECCLESTON, TUCK and MASON, J.

*Robert S. Reeder*, for the appellants, argued the following points.

1st. A general legacy will abate in favor of a specific legacy, *Cornish vs. Wilson*, 6 *Gill*, 301, but the question is here, is the devise of a negro or bed, or personal property in that form, without other words of special description, a specific legacy? A naked devise of money seems to be a general legacy, "but there may be a specific pecuniary legacy; for example, of the money in a certain bag." *Bouv. Law Dictionary*, 23; the words, "in a *certain bag*," being used to denote a specific intention of the testator. But why should the word Henry, applied to a negro man, without any other words of description, denote any specific intention of the testator, any more than the words *one hundred* when applied to money? A general custom applies names to negroes, it is true, for specific ascertainment, and so general custom applies the names, *one hundred*, *fifty*, and such terms, for the specific ascertainment of an amount of money. The name in the one case shows the individual negro, and in the other the specific amount of money. There are no certain words applied to the negroes in this case, to make them specific beyond the ordinary mode of description.

2nd. Has not the orphans court committed an error in reference to that portion of the will where it is said: "I give and bequeath to my sister, Jane Smallwood, my man Henry, and boy Lawrence, during her life, and at her death the above named servants are to be sold to some humane person, who

is to keep them in the county?" Would not this clause come within the decision, in the case of *Hanson vs. Brawner*, 2 *Md. Rep.*, 90? It seems to me this language creates an executory trust, and that if the servants are not sold for distribution, *pro rata*, they should be retained by the executor, hired out, the hires to be paid over to the legatee until her death, and then sold by the *executor*, and the money distributed as directed by the will.

3rd. Has not the orphans court erred in reference to another part of this will, where it says: "I give and bequeath to my niece, Henrietta Stewart, the child with which my woman Peggy is now pregnant, to her and her heirs forever." Can this devise be good? The will takes effect from the death of the testatrix, and the woman belongs to the party to whom she is devised, from the death of the testatrix, subject to the lien of debts and expenses. The child could not be delivered, and how could it pass where there are no words giving the property at its birth? It is given in the womb, as it is.

4th. In the opinion of the orphans court this language is used: "And it is further the opinion of this court, that the legacies for life should be paid over to the legatees for life, upon their executing receipts for the same as legatees for life." It seems to me, according to the opinion in *Hanson vs. Brawner*, the executor should retain all the property, hire it out, and pay over the hires to the legatees for life.

No counsel appeared for the appellees.

Tuck, J., delivered the opinion of this court.

It appears that general legacies were left to the appellants, and specific legacies to the appellees and others. It required all the property, except the specific legacies, to pay debts and costs of administration. The appellants filed a petition in the orphans court, praying that the executor might be required to sell the property bequeathed to the appellees, and divide the proceeds, *pro rata*, among all the legatees. This the court refused, but directed the executor to deliver the property to the appellees, the legatees for life.

We do not perceive any reason for not applying to the dispositions of this will, the well settled principle of abatement, and refunding among legatees, by which specific legatees are preferred over those claiming by general bequests. *Ward on Legacies*, 370. *Chase vs. Loockerman*, 11 *Gill & Johns.*, 185. *Cornish vs. Wilson*, 6 *Gill*, 301. The property given to the appellee and some others of the legatees, consists of negroes, designated by name. We cannot imagine a more certain description. The bequests to the appellants are not so designated, as to belong to the class of demonstrative legacies. The difference between negroes given by name and general pecuniary legacies, is too obvious to need further remark. If such a sale and distribution were proper, it is supposed that a court of equity would be the appropriate tribunal, where all parties in interest might be represented.

The propositions argued by the appellants' counsel under the second, third and fourth points, are not necessarily before us on this appeal; but we feel no difficulty in saying that this part of the case would be governed by *Evans vs. Iglehart*, 6 *Gill & Johns.*, 171. This case is very different from *Hanson vs. Brawner*, 2 *Md.*, 90. See also *Stevens vs. Gordy*, 9 *Gill*, 405.

*Order affirmed with costs.*